Mr. Justice Thachek.
delivered the opinion of the court.
Brown contracted with Poindexter for the purchase of his preemption right to a tract of land. Poindexter, on his part, agreed to sell the right, to keep possession of the land for the purpose of procuring the certificates, and then to convey title to Brown. In pursuance of the contract, Brown gave Poindexter his two promissory notes for $ 100 each, one of which'he paid, and upon the other of which Poindexter recovered a judgment against him. By the negligence of Poindexter, his right of preemption became lost, and certificates for the land were procured by another. The bill of complainant, filed in the vice-chancery court, sets forth the foregoing facts, and alleges, that the neglect of Poindexter to comply with his part of the contract, took place .-since the rendition of the judgment upon the promissory note.
Upon motion, the vice-chancellor dissolved the injunction upon .the judgment at law.
The contract, as described by the complainant, was illegal. The act of congress, to grant preemption rights to settlers on the publie lands, passed June 22, 1838, provides that “before any person, claiming the benefit of that law shall have a patent for the land, he shall make oath that he entered upon the land which he claims; in his own right, and exclusively for his own use and benefit, and that he has not, directly or indirectly, made any agreement or contract, in any way or manner, with any person or persons whatever, by which the title which he might acquire from the government of the United States should enure to the use or benefit of any one except himself, or to convey or transfer the said land, or the title which he may acquire to the same, to any .other person or persons whatever, at any subsequent time, and any .grant or conveyance which any person *599 may have made in pursuance of such agreement or contract shall be void, except in the hands of a purchaser in good faith, for a valuable consideration, without notice.” In consequence of this law, the contract was void, and could so have been shown in the trial at law. The negligence of Poindexter, charged, in the bill, not to have occurred until after the judgment, added nothing to the strength of the defence against the promissory note, which was full and ample at all times; moreover, and especially, a court of equity will not entertain a case based upon such grounds.
Decree dissolving the injunction, affirmed.